UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

UNITED STATES OF AMERICA,

                                              **REPORT,**
                                              **RECOMMENDATION**
                                              **AND ORDER**

v.

                                              21-CR-00177(JLS)(JJM)

RAYMOND BROOKS,
                       Defendant.

_____

          Defendant Raymond Brooks is charged in a five-count Indictment [1][1] with possession and production of child pornography in violation of 18 U.S.C. §§2252A(a)(5)(B), 2252A(b)(2) and 2251(a) and (e), enticement of a minor in violation of 18 U.S.C. §2422(b), and cyberstalking in violation of 18 U.S.C. §§2261A(2)(B), 2261(b)(5) and 2261B(a).

          Before the court is the remaining portion of Brooks' pretrial motion, seeking to suppress physical evidence and statements, a hearing pursuant to <u>Franks v. Delaware</u>, 438 U.S. 154 (1978), and dismissal of the production of child pornography charges (Stachowski Declaration [54], ¶¶7-39),[2] as well as the government's cross-motion for reciprocal discovery (government's Response [56], 19-20), which have been referred to me by District Judge John L. Sinatra, Jr. for initial consideration [5]. Having considered the parties' submissions [54, 56] and heard oral argument on July 25, 2023 [57], the government's cross-motion is granted, and I recommend that Brooks' motions be denied.

---

[1]     Bracketed references are to the CM/ECF docket entries, and page references are to CM/ECF pagination.

[2]     At the July 25, 2023 oral argument, Brooks' counsel confirmed that the remaining portions of Brooks' pretrial motion [54] were resolved.

BACKGROUND

As detailed by the government and not disputed by Brooks, in April 2020 Brooks was on New York State Probation for a conviction for possessing a sexual performance by a child. Government's Response [56] at 1-2. Among the "Conditions of Probation" ([56] at 22-27) was the requirement that he "consent to a search by a Probation Officer of his person, home and electronic media for . . . contraband". Id. at 23.

During an April 23, 2020, probation check of Brooks' residence, Niagara County Probation Officer Ashley Kraska conducted a cursory review of Brooks' cell phone which revealed videos that were sexual in nature. Government's Response [56] at 2; Kraska Affidavit [54] at 28. A later forensics search of the cell phone revealed child pornography. Id.

In May 2021, the FBI commenced an investigation into Brooks after receiving a complaint from the Plainfield, Indiana Police Department concerning sexual communications between Books and a minor female. Government's Response [56] at 2-4. That investigation culminated in an October 19, 2021 search warrant issued by this court for Brook's residence and his person (21-mj-1193) that was executed on October 28, 2021. Id. at 4. At that time, Brooks executed a written waiver of his Miranda rights ([56] at 29) and provided a written statement. Id. at 31.

DISCUSSION

A.   Brooks' Motions

   1.   **Suppression of Evidence and Statements**

Brooks seeks to suppress evidence seized from the April 2020 warrantless probation search of his cell phone and the October 19, 2021 search warrant on the grounds that it

was based on stale information that was otherwise the fruit of the tainted April 23, 2020 warrantless search. Stachowski Declaration [54], ¶¶10-13.[3]  He also seeks to suppress his October 28, 2021 statements based on the failure to administer "Miranda warnings prior to interrogating him in custody". Id., ¶20.  However, neither motion is supported by an affidavit or declaration from Brooks.  As the government argues, this is fatal to the motions seeking suppression of the search of the cell phone and premises, as well his statements. See Government's Response [56] at 5.

       "A defendant seeking the suppression . . . is not automatically entitled to an evidentiary hearing on the claim, but must make a preliminary showing of facts which, if proved would require the granting of relief." United States v. Longo, 70 F. Supp. 2d 225, 248 (W.D.N.Y. 1999). See also United States v. Watson, 404 F.3d 163, 167 (2d Cir. 2005) ("an evidentiary hearing on a motion to suppress ordinarily is required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question"). "To meet that burden a defendant must, at a minimum, present his . . . claim through an affidavit of an individual with personal knowledge of the relevant facts." Longo, 70 F. Supp. 2d at 248. See also United States v. Montoya-Eschevarria, 892 F. Supp. 104, 106 (S.D.N.Y. 1995) ("[t]he law is clear that the burden on the defendant to establish standing is met only by sworn evidence, in the form of affidavit or testimony, from the defendant or someone with personal knowledge"). "[A]n

---

[3]    Brooks' motion attaches the October 14, 2021 Affidavit of Ashley Kraska, which he states was "used as the basis to obtain a search warrant for the premises". Stachowski Declaration [54], ¶10. However, the search warrant itself is not attached, nor does Kraska's Affidavit even indicate that it is in support of a search warrant.  The government ignores the Kraska Affidavit and instead points to the October 19, 2021 search warrant issued by this court as being the operative warrant. Since this is not disputed by Brooks, I have treated this as the warrant being challenged.

attorney's affidavit, absent personal knowledge is insufficient to justify a suppression hearing". United States v. Cook, 348 F. Supp. 2d 22, 28 (S.D.N.Y. 2004).

I cautioned Brooks in each of the *thirteen* Scheduling Orders which I issued in this case that "[a]ny motion to suppress statements or physical evidence must initially be accompanied by an appropriate affidavit (or declaration) from an individual with personal knowledge, failing which the court will normally recommend that the motion be denied". *See, e.g.,* Twelfth Amended Scheduling Order [51], ¶1.

Although Brooks' current attorney only recently entered his appearance in this case after the Tenth Amended Scheduling Order, this requirement is not new him (*see, e.g.,* United States v. Robbins, 2022 WL 16748586, *1.  (W.D.N.Y.), adopted, 2022 WL 16745492 (W.D.N.Y. 2022) (denying suppression motion filed by Brooks' attorney based on the failure to accompany the motion with a supporting affidavit or declaration)), or to anyone practicing in this District. *See, e.g.*, United States v. Militello, 2013 WL 6498961, *2 (W.D.N.Y. 2013) (denying motions to suppress evidence and statements because they were unaccompanied by an affidavit (or declaration) from defendant); United States v. Renford, 2021 WL 1375671, *1 (W.D.N.Y.), adopted, 2021 WL 1373918 (W.D.N.Y. 2021) (same); United States v. Lewis, 2018 WL 3195158, *2 (W.D.N.Y.), adopted, 2018 WL 1805554 (W.D.N.Y. 2018) (same).

Notwithstanding this clear and well settled requirement, Brooks failed to submit an affidavit or declaration in support of his suppression motions.  His attorney's supporting Declaration "without personal knowledge is insufficient to create an issue of fact requiring an evidentiary hearing".  Militello, 2013 WL 6498961 at *2.

While Brooks' attorney noted that an affidavit from Brooks would be furnished (Stachowski Declaration [54], ¶9), none has provided, nor would it excuse his failure to file that

affidavit in conjunction with the motion. Rule") 47(d) requires the moving party to "serve any supporting affidavit *with the motion*" (emphasis added), not at a later date. To excuse defendant's failure would only cause further delay in this case, which would undermine the public's interest in a speedy trial. *See* Zedner v. United States, 547 U.S. 489, 501-02 (2006).

Unlike his challenge to the October 28, 2021 search of the premises, Brooks does not require an affidavit of standing to contest the portion of the October 19, 2021 search warrant that permitted a search of his person. *See* United States v. Smith, 884 F.2d 581 (6th Cir. 1989) (the defendant "certainly has standing to object to a search of his person"). Although Brooks' motion appears directed solely to the search of the premises, even if the search of his person was being challenged, he fails to establish a basis for suppression.

Brooks argues that the October 19, 2021 search warrant was based on the warrantless April 23, 2020 probation search, which was stale and otherwise violated the Fourth Amendment. Stachowski Declaration [54], ¶¶11, 13. However, the October 19, 2021 search warrant was primarily based on the May 2021 complaint received from the Plainfield, Indiana Police Department and the information learned in connection with that portion of the investigation, not the probation search. *See* 21-mj-1193, McAuliffe Affidavit at ¶¶7-19.

Therefore, I recommend that these motions be denied.

    2.    **Motion for a <u>Franks</u> Hearing**

A <u>Franks</u> hearing permits a defendant "to challenge the veracity of a search warrant . . . where the affidavit in support of the search warrant is alleged to contain deliberately or recklessly false or misleading information". United States v. Canfield, 212 F.3d 713, 717 (2d Cir. 2000). The standard for establishing an entitlement to a <u>Franks</u> hearing is a "high one".

Rivera v. United States, 928 F.2d 592, 604 (2d Cir. 1991). A defendant must make "a substantial preliminary showing that (1) the affidavit contained false statements made knowingly or intentionally, or with reckless disregard for the truth; and (2) the challenged statements or omissions were necessary to the Magistrate's probable cause finding." United States v. Levasseur, 816 F.2d 37, 43 (2d Cir. 1987).

Brooks argues that "probation overreached in seizing [his] cell phone and the information upon which it was used to obtain a 2021 search warrant was stale and therefore a Franks Hearing must be held as to whether or not there was Constitutionally reasonable grounds". Stachowski Declaration [54], ¶11.

Since Brooks has not established his standing to contest the search of the premises, I conclude that he lacks standing to request a Franks hearing in connection with that search. To the extent he is challenging the search of his person, his staleness arguments are unpersuasive for the reasons discussed above. In any event, "staleness is not within the usual contours of a Franks hearing", United States v. Morales-Aldahondo, 524 F.3d 115, 118 n. 4 (1st Cir. 2008), and this case is no exception. Therefore, I recommend that this motion be denied.

### 3. Motion to Dismiss Counts 2 and 3

Counts 2 and 3 of the Indictment allege that:

"Between [certain dates in January] 2021, in the Western District of New York, and elsewhere . . . BROOKS . . . did employ, use, persuade, induce, entice and coerce, and did attempt to employ, use, persuade, induce, entice and coerce, a minor, that is, Victim 1 . . . to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct and for the purpose of transmitting a live visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce; knowing and having reason to know that such

visual depiction would be transported and transmitted in and affecting interstate and foreign commerce; and which visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer; which visual depiction was actually transported and transmitted using any means and facility of interstate and foreign commerce; and which visual depiction was actually transported and transmitted in and affecting interstate and foreign commerce."

### a.  Commerce Clause

Brooks seeks to dismiss these counts for lack of subject matter jurisdiction and contends that 18 U.S.C. §2251(e) is unconstitutional facially and as applied to him because "the alleged attempted production of child pornography . . . was of a wholly intrastate nature, aside from the use of material (i.e. a cell phone) which had been produced outside of New York State". Stachowski Declaration [54], ¶¶22, 29.  Although he acknowledges that the Second Circuit rejected "a similar argument" in United States v. Holston, 343 F.3d 83, 90-91 (2d Cir. 2003), he contends that it is no longer good law after the Supreme Court's decision in National Federation of Independent Business v. Sebelius, 567 U.S. 519 (2012) (hereinafter "NFIB"). *See* Stachowski Declaration [54], ¶¶23-25.

This court has previously rejected the same argument in United States v. Cassatt, 2021 WL 4268240, at *6-7 (W.D.N.Y.) (McCarthy, M.J.), adopted, 2021 WL 3508396 (W.D.N.Y. 2021) (Sinatra, J.).  As I explained in Cassatt:

> "NFIB dealt with the 'individual mandate' of the Affordable Care Act, which required those without health insurance to purchase insurance coverage or face a penalty. In concluding that this requirement exceeded Congressional authority, the Chief Justice noted that '[t]he Constitution grants Congress the power to '*regulate* Commerce', which 'presupposes the existence of commercial activity to be regulated'. 567 U.S. 519, 550 (emphasis in original). He reasoned that '[t]he individual mandate, however, does not regulate existing commercial activity. It instead compels individuals to *become* active in commerce by purchasing a product, on the ground that their failure to do so affects interstate commerce. Construing the Commerce Clause to permit Congress to regulate individuals precisely because they are doing nothing would open a new and potentially vast domain to

congressional authority. . . . The Framers gave Congress the power to *regulate* commerce, not to *compel* it, and for over 200 years both our decisions and Congress's actions have reflected this understanding. There is no reason to depart from that understanding now.' Id. at 552, 555 (emphasis in original).

Here, by contrast, the government charges Cassatt with engaging in activity, namely the production of child pornography by using a device which was transported in interstate commerce, and 'insofar as § 2251(a) prohibits the production of child pornography using materials that have moved in interstate commerce, it is a permissible exercise of Congress's authority under the Commerce Clause'." Cassatt, 2021 WL 4268240, at *6–7.

For these same reasons, and the others set forth in Cassatt, I recommend that this motion be denied.

  b.  **First Amendment**

Brooks argues that his January 2021 conversations that underpin Counts 2 and 3 were only "sexual fantasies", which he did not intend to act upon. Stachowski Declaration [54], ¶¶31, 34-36. He further contends that "it does not appear that any minors were involved in these conversations nor were any images exchanged between [him] and the complainant that put any minors in danger". Id., ¶38. He claims that he merely "confided his sexual fantasy with another consenting adult and is now faced with prosecution on Counts 2 and 3, not for some concrete action taken against a minor, but simply his statements and his ideas", in violation of the First Amendment. Id.

In response, the government argues that "'[i]t is settled law that child pornography is not protected expressive speech under the First Amendment.'" Government's Response [56] at 12 (*quoting* United States v. Hotaling, 634 F.3d 725, 728 (2d Cir. 2011)). Whether or not Hotaling bars Brooks' arguments, the allegations of the Indictment do. Essentially, Brooks' motion asks that I look beyond the face of the Indictment, which alleges that he enticed and attempted to entice "*a minor* . . . to engage in sexually explicit conduct for the

purpose of producing a visual depiction of such conduct". Indictment [1], Counts 2 and 3 (emphasis added).

Although Brooks may test these allegations at trial by presenting evidence that he was communicating fantasies with an adult, summary judgment "does not exist in federal criminal procedure", and "the sufficiency of the evidence is not appropriately addressed by" a pretrial motion to dismiss. United States v. Sampson, 898 F.3d 270, 282 (2d Cir. 2018); United States v. Parker, 165 F.Supp.2d 431, 458 (W.D.N.Y. 2001). It is only in the "extraordinarily narrow" circumstance, when the government offers "what can fairly be described as a full proffer of the evidence it intends to present at trial", which has not occurred here, that the sufficiency of the evidence may be tested. Sampson, 898 F.3d at 282.

**B.     The Government's Cross-Motion for Reciprocal Discovery**

The government cross-moves for the production of reciprocal discovery pursuant to Rule 16(b). Government's Response [56] at 19. "Rule 16 . . . imposes reciprocal discovery obligations on defendants." United States v. Smith, 985 F.Supp.2d 506, 522 (S.D.N.Y. 2013). Brooks has not opposed this request. Therefore, it is granted.

The government also requests that Brooks disclose a "written summary of testimony that [he] intends to use as evidence at trial under Rules 702, 703, and 705", as well as "advance disclosure of any statement(s) the defendant proposes to utilize at a trial of this matter" pursuant to Fed. R. Evid. 807. Government's Response [56] at 19. Since Brooks has also not opposed these requests, they are also granted.

**CONCLUSION**

For these reasons, the government's cross-motion (government's Response [56], 19-20) is granted, and I recommend that Brooks' motions (Stachowski Declaration [54], ¶¶7-39) be denied. Unless otherwise ordered by District Judge Sinatra, any objections to this Report, Recommendation and Order must be filed with the clerk of this court by August 17, 2023. Any requests for extension of this deadline must be made to District Judge Sinatra. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 59(c)(2) of this Court's Local Rules of Criminal Procedure, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority", and pursuant to Local Rule 59(c)(3), the objections must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objection.

Dated: August 3, 2023

/s/Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge